

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-9-2002

# Franklin Life Ins Co v. Bendas

Precedential or Non-Precedential:

Docket No. 01-2819

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Franklin Life Ins Co v. Bendas" (2002). *2002 Decisions*. Paper 261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2819
_____

FRANKLIN LIFE INSURANCE COMPANY,

v.

ROBERT A. BENDAS, SR.;
BOARD OF COMMISSIONERS, of the Township
of Coal, Pennsylvania,

Robert A. Bendas,
                              Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-00417
Magistrate Judge:  The Honorable Thomas M. Blewitt
_____

Submitted Under Third Circuit LAR 34.1(a)
April 5, 2002
_____

Before: SLOVITER, BARRY, and ALARCON, Circuit Judges

(Opinion Filed: April 9, 2002  )
_____

OPINION
_____


BARRY, Circuit Judge
     This appeal asks us to decide whether a former police officer is entitled to the
proceeds of an annuity when he did not own the life insurance policies that he used as
consideration to obtain the purported annuity contract.  The Magistrate Judge determined
that the annuity contract lacked consideration and granted summary judgment on behalf
of appellee, The Franklin Life Insurance Company ("Franklin").  We have jurisdiction
pursuant to 28 U.S.C.   1291 and will affirm.
     The parties are familiar with the facts of the underlying dispute and we will,
accordingly, discuss them only as necessary to resolve the issue presented.
     Appellant, Robert A. Bendas, Sr., was a full-time police officer for the Township
of Coal, Pennsylvania.  The Coal Township Board of Commissioners purchased, and
Coal consequently owned, three life insurance policies from Franklin on behalf of
Bendas.  Coal was responsible for paying the premiums of these policies.  Ultimately, the
proceeds of these policies, like the proceeds of policies purchased for other Coal police
officers, were intended to be used as part of the Police Retirement Plan.
     On October 19, 1999, after the policies had reached their "paid-in-full" status,
Bendas requested that Franklin pay him the proceeds of the policies.  On October 23,
1999, Franklin informed Bendas that the approximate cash surrender value of the policies
was $211,335.04, and explained how Bendas could annuitize the policies, including an
instruction that two officers of the Coal Board of Commissioners must sign the

annuitization form.

On November 5, 1999, Bendas completed the annuitization paper work, including the signatures of two officers of the Board. On February 7, 2000, Franklin made payments on the annuity contract for the months of January and February to Bendas in the amount of $2,722.50. In exchange for this annuity contract, Franklin received the proceeds of the policies, calculated, with interest, at $217,799.72. Shortly thereafter, Franklin was contacted by the Board, which claimed Coal to be the legal owner of the policies and that the officers who had signed the relevant form had done so in violation of Pennsylvania Municipal Law, which requires the approval of the majority of the Board (3 of 5) at a public meeting.

In light of the disputed claim to ownership of the policies, Franklin initiated an interpleader action on March 9, 2000 and ceased making payments to Bendas. In response, Bendas claimed that Franklin had breached its annuity contract and that he was entitled to the payments under that agreement. After the Magistrate Judge denied Franklin's motion to interplead the funds, the parties cross-moved for summary judgment.

The Magistrate Judge granted summary judgment for Franklin because the annuity contract lacked consideration since Bendas did not own the policies. He reasoned that "there is no dispute that Bendas never owned those policies or that money. It is actually mind-boggling how Bendas could argue before this court that he 'paid' for the annuity when the money used to pay for that annuity was owned by the Coal Township . . . ." App. 156. Our review of the Magistrate Judge's orders of June 7 and June 28, 2001 is plenary.

On appeal, Bendas contends that the Magistrate Judge erred because Bendas filled out all of the requisite paper work correctly, obtained signatures from officers of the Board, and that Franklin, "acting on the signatures by the two Township Commissioners, freely and willingly released the cash value for the benefit of Appellant Bendas." Appellant's Br. at 7. Significantly, Bendas does not claim that he owned the policies in question, nor does he dispute the fact that Franklin is obligated to pay the Board $217,799.72 because Coal is the legal owner. Instead, Bendas claims that he is still entitled to have the annuity contract enforced because he thought he had done what was necessary to acquire ownership of the policies, and that because of Franklin's "legal misjudgment" it is simply Franklin's "tough luck" if it owes an additional $217,799.72 to the town. Appellant's Br. at 18 n.2; Appellant's Reply Br. at 5, 6.

We need not burden this Opinion by discussing and rejecting each of appellant's various contentions because the salient issue is the undisputed fact that the Coal Township is the owner of the insurance policies. Put simply, Bendas cannot prevail because he tried to form a contract by offering something he did not own, which is to say that he offered nothing as consideration. See Hoffman v. Bankers Trust Co., 925 F. Supp. 315, 318-19 (M.D. Pa. 1995). The Magistrate Judge put it best: "Bendas places great emphasis on the fact that he meticulously complied with all of the requirements set forth by Franklin in completing the forms necessary to transfer the life insurance policies into the annuity contract. However, he fails to allege how he became entitled to those policies. To allow Bendas to prevail on his claim would be no different than allowing a tenant who sold a building that he did not own to collect payment from the hoodwinked buyer simply because all the closing documents were properly completed." App. 156.

For the foregoing reasons, we will affirm the orders of the Magistrate Judge granting Franklin's motion for summary judgment and ordering Bendas to return the proceeds he received from Franklin.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge